No. 24-3132
United States Court of Appeals for the Eighth Circuit

---

SOPHIA WILANSKY,
*Plaintiff/Appellant*,

vs.

MORTON COUNTY, NORTH DAKOTA, *et al.*,
*Defendants/Appellees*.

---

On Appeal from the U.S. District Court for the District of North Dakota,
No. 1:18-cv-236,
Honorable Daniel M. Traynor, U.S. District Judge

---

**OPENING BRIEF OF APPELLANT SOPHIA WILANSKY**

---

Marianne Dugan, Oregon State Bar # 932563
Civil Liberties Defense Center
1711 Willamette St. Ste 301 # 359
Eugene, OR 97401
(541) 687-9180
Mdugan@cldc.org

Filed January 2025

# SUMMARY OF THE CASE

Appellant Sophia Wilansky has a related case on appeal, in which briefing is complete, awaiting oral argument. Appeal Nos. 24-1911 & 24-1919. That case addresses the merits of her claims, regarding an assault in which she nearly lost her arm on November 21, 2016, when one of the Defendants shot her with an explosive munition.

This appeal is from the district court's award of costs to defendants on that merits judgment.

Although in general a cost bill appeal would not warrant oral argument, this cost award is both complex and extraordinarily high, and involves the relatively new phenomenon of extraordinarily expensive computer forensics. A decision in this appeal has the potential to clarify the standards for other lawsuits in the future. Given that, as well as the fact that a related appeal is pending, oral argument would benefit the panel, especially if it can be combined with the merits argument. Appellant requests that the Court schedule an oral argument for 15 minutes per side.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1A, undersigned counsel hereby certifies that Sophia Wilansky is an individual.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... v

STATEMENT OF THE CASE ...................................................................... 4

I.  FACTUAL BACKGROUND .................................................................... 4

II. PROCEEDINGS BELOW ......................................................................... 4

SUMMARY OF THE ARGUMENT ............................................................. 4

ARGUMENT ................................................................................................. 5

I.  LEGAL STANDARD ............................................................................... 5

II. THE VAST MAJORITY OF THE COSTS SOUGHT BY DEFENDANTS
    ARE IMPROPER .................................................................................... 5

    A.  Legal Standard ................................................................................ 5

    B.  The Majority of Deposition Expenses Sought Are Non-Taxable.. 7

        1.  None of the defendants should be allowed the costs of depositions
            that were not necessary to their case ........................................ 7

        2.  The court may tax either transcripts or video, not both ............ 11

        3.  Fees for multiple transcript formats are not taxable ................ 12

        4.  After-hours overtime for court reporter is not taxable ............. 12

        5.  Extra copy of transcript is not taxable .................................... 13

    C.  Defendant Morton County Did Not Demonstrate That the Transcript of
        a Motion Hearing in Another Case Was Necessarily Obtained for Use in
        the Case ........................................................................................ 13

    D.  Defendant Morton County Did Not Demonstrate That the Attorney
        General Records and Plaintiff's Medical Records Were Necessarily
        Obtained for Use in the Case ........................................................ 14

    E.  Defendant Morton County Did Not Demonstrate That the "Forensic"

       Expenses Were Necessarily Obtained for Use in the Case ................ 15

III.   THE COURT SHOULD HAVE APPLIED ITS DISCRETION TO DENY ALL COSTS TO DEFENDANTS ................................................................ 19

     A.    Costs Should Be Denied, to Avoid Chilling Valid Civil Rights Claims .................................................................................................. 20

     B.    Plaintiff Is Indigent and the Court Should Therefore Waive All Costs .................................................................................................... 23

CONCLUSION ........................................................................................ 24

CERTIFICATE OF COMPLIANCE ......................................................... 25

CERTIFICATE OF SERVICE .................................................................. 26

# TABLE OF AUTHORITIES

## CASES

168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945 (8th Cir. 2007) ...................................................................................... 5

Allen v. U.S. Steel, 665 F.2d 689 (5th Cir. 1982) ................................................... 16

AmTrust Int'l Underwriters Ltd. v. Enslein as Tr. for Xurex, Inc., No. 18-09019-CV-W-ODS, 2019 WL 7593365 (W.D. Mo. Nov. 20, 2019) ...................................... 6-7

Associated Elec. & Gas Ins. Servs. v. BendTec, Inc., No. CV 14-1602 (MJD/LIB), 2016 WL 740409 (D. Minn. Feb. 24, 2016) ..................................................... 16-18

Ass'n of Mexican-American Educators v. Cal., 231 F.3d 572 (9th Cir. 2000) ....... 20

Barber v. Overton, 2005 WL 2018134 (W.D. Mich. Aug. 20, 2005) ..................... 21

Boling v. Harcros Chemicals, Inc., No. 2:19-CV-00157-BSM, 2021 WL 3073837 (E.D. Ark. July 19, 2021) ....................................................................................... 10

Brisco-Wade v. Carnahan, 297 F.3d 781 (8th Cir. 2002) ......................................... 6

Ceballos v. Garcetti, 361 F.3d 1168 (9th Cir. 2004) .............................................. 22

Chism v. New Holland N. Am., Inc., No. 2:07CV00150 JTR, 2010 WL 1961179 (E.D. Ark. May 13, 2010) ................................................................................ 11, 12

Clark v. Baka, No. 4:07-CV-477-DPM, 2011 WL 2881710 (E.D. Ark. July 19, 2011) ...................................................................................................... 11, 12, 23

Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064 (8th Cir. 2000) ....................... 19

Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437 107 S. Ct. 2494 (1987) ...............................................................................................................5-6, 19

Cross v. General Motors Corp., 721 F.2d 1152 (8th Cir. 1983) ............................ 23

Crues v. KFC Corp., 768 F.2d 230 (8th Cir. 1985) ................................................... 8

Davis v. Lancaster, No. 4:13CV1638 HEA, 2019 WL 265098 (E.D. Mo. Jan. 18,

2019) .................................................................................................... 9

Draper v. Rosario, 836 F.3d 1072 (9th Cir. 2016) ............................... 20, 22

DVD-Rental Antitrust Litig., 779 F.3d 914 (9th Cir. 2015) .................... 18

Chapman v. A1 Transport, 180 F.3d 1244 (11th Cir. 1999) .................... 23

Congregation of the Passion v. Touche Ross, 854 F.2d 219 (7th Cir. 1988).......... 23

Ellis v. Grant Thornton, LLP, 2010 WL 1379795 (S.D. W. Va. March 31, 2010) .................................................................................................. 24

Emmeneger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127 (E.D. Mo. 1998)........ 13

Enslein v. Di Mase, No. 16-09020-CV-W-ODS, 2020 WL 13517571 (W.D. Mo. July 31, 2020) ............................................................................ 18

Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 85 S. Ct. 411 (1964)...................... 6

Fogleman v. ARAMCO (Arabian Am. Oil Co.), 920 F.2d 278 (5th Cir. 1991)....... 7

Gorog v. Best Buy Co., Inc., 760 F.3d 787 (8th Cir. 2010) ..................... 10

Hermosillo v. County of San Bernardino, 2017 WL 5479646 (C.D. Cal. 2017) .................................................................................................. 22

Inline Packaging, LLC v. Graphic Packaging Int'l, LLC, No. CV 15-3183 ADM/LIB, 2019 WL 3387777 (D. Minn. July 26, 2019)..................................... 16-17

In re Wholesale Grocery Prod. Antitrust Litig., No. 09-MD-2090 ADM/TNL, 2019 WL 413554 (D. Minn. Feb. 1, 2019) ..................................... 18

Kirk v. Schaeffler Grp. USA, Inc., No. 3:13-CV-5032-DGK, 2016 WL 6023696 (W.D. Mo. July 26, 2016) ..................................................... 14

Knology v. Insight Communications Co., LP, 460 F.3d 722 (6th Cir. 2006) ... 19, 20

Koppinger v. Cullen-Schiltz & Assocs., 513 F.2d 901 (8th Cir. 1975) ............ 5, 6, 8

Lee v. Metropolitan Government of Nashville, 2009 WL 2462209 (M.D. Tenn. 2009) ............................................................................................ 19-20

Little Rock Cardiology Clinic PA v. Baptist Health, 591 F.3d 591 (8th Cir. 2009) ..................................................................................................14-15

Lopez v. Nguyen, 2017 WL 512773 (N.D. Cal. 2017) ..........................................22

Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748 (8th Cir. 2006) .......................8-9

McDowell v. Safeway Stores, Inc., 758 F.2d 1293 (8th Cir. 1985).........................8

Moore v. County of Delaware, 586 F.3d 219 (2d Cir. 2009)............................23-24

Moujaes v. San Francisco City and County, 2017 WL 1540732 (N.D. Cal. 2017) ....................................................................................................................22

Neb. Pub. Power Dist. v. Austin Power, Inc., 773 F.2d 960 (8th Cir. 1985)............9

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978) ...................................16

Pehr v. Rubbermaid, Inc., 196 F.R.D. 404 (D. Kan. 2000)......................................7

Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136 (8th Cir. 1987)............................6

Race Tires America, Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158 (3rd Cir. 2012) ....................................................................................................................16-18

Stanley v. University of Southern California, 178 F.3d 1069 (9th Cir. 1999)..20, 23

Taniguchi v. Kan Pac. Saipan, Ltd., 132 S. Ct. 1997 (2012) .........................5, 6, 14

Teague v. Bakker, 35 F.3d 978 (4th Cir. 1994) .....................................................20

Trading Techs. Int'l, Inc. v. eSpeed, Inc., 750 F. Supp. 2d 962 (N.D. Ill. 2010) .....7

Ventura v. Kyle, No. 12-472 (RHK/JJK), 2015 WL 12826467 (D. Minn. Jan. 13, 2015) ....................................................................................................................11

Washburn v. Fagan, 2008 WL 361048 (N.D. Cal. 2008) ......................................22

Wing Enterprises, Inc. v. Tricam Indus., Inc., No. 17-CV-1769 (ECT/ECW), 2019 WL 5783485 (D. Minn. Nov. 6, 2019) ...................................................................7

**STATUTES**

28 U.S.C. 1920 ................................................................................passim

**COURT RULES**

Fed. R. Civ. Proc. 12 .........................................................................9-10

# JURISDICTIONAL STATEMENT

The lawsuits in these appeals arose under the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the laws of the State of North Dakota. The district court had jurisdiction under 28 U.S.C. §§ 1331, 1332, 1343, and 1367. The district court entered final orders dismissing the cases on April 3, 2024. The district court entered an amended judgment on the cost bill on September 23, 2024. Appellant timely appealed that judgment, on October 21, 2024. This Court has jurisdiction under 28 U.S.C. § 1291.

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

1.      Whether the district court erred in awarding costs for depositions that did not contribute to the judgment in defendants' favor.

28 U.S.C. 1920; *Taniguchi v. Kan Pac. Saipan, Ltd*., 132 S. Ct. 1997, 2006 (2012); *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762-63 (8th Cir. 2006); *Gorog v. Best Buy Co., Inc*., 760 F.3d 787, 791 (8th Cir. 2010).

2.      Whether the district court erred in awarding costs for multiple formats for deposition recording and transcription and for multiple copies of transcripts.

28 U.S.C. 1920; *Taniguchi*; *Brisco-Wade*; *Ventura v. Kyle*, No. 12-472 (RHK/JJK), 2015 WL 12826467 (D. Minn. Jan. 13, 2015); *Clark v. Baka*, No. 4:07-CV-477-DPM, 2011 WL 2881710, at *3 (E.D. Ark. July 19, 2011); *Chism v. New Holland N. Am., Inc*., No. 2:07CV00150 JTR, 2010 WL 1961179 (E.D. Ark. May 13, 2010).

3.      Whether the district court erred in awarding costs for court reporter overtime.

28 U.S.C. 1920; *Taniguchi; Brisco-Wade; Clark*.

4.      Whether the district court erred in awarding costs for a transcript of a hearing in another case.

28 U.S.C. 1920; *Taniguchi; Brisco-Wade.*

5.      Whether the district court erred in awarding costs for medical records

that were not necessary for the judgment in defendants' favor.

28 U.S.C. 1920; *Taniguchi; Brisco-Wade; Kirk v. Schaeffler Grp. USA, Inc.,* No. 3:13-CV-5032-DGK, 2016 WL 6023696 (W.D. Mo. July 26, 2016); *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 602 (8th Cir. 2009).

6.     Whether the district court erred in awarding costs for "forensics."

28 U.S.C. 1920; *Taniguchi*; *Brisco-Wade; Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978); *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3rd Cir. 2012).

7.     Whether the district court erred in awarding costs at all.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S. Ct. 2494, 2497 (1987); *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000); *Knology v. Insight Communications Co.*, LP, 460 F.3d 722 (6th Cir. 2006); *Ass'n of Mexican-American Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000).

## STATEMENT OF THE CASE

## I.   FACTUAL BACKGROUND

The 2016-2017 protests against the Dakota Access Pipeline ("DAPL") have already been the subject of multiple appeals to this Court. The factual background of the merits is set forth in detail in the briefs in the related appeal.

## II.   PROCEEDINGS BELOW

The related appeal briefing sets forth the proceedings in detail. Relevant to this appeal, after the district court dismissed the two related cases, defendants filed cost bills. Plaintiff filed objections. The district court granted in part, and denied in part, defendants' cost bills, awarding $34,251.02 to defendants Morton County, Kirchmeier, and Moll ("Morton County") and $3474.65 to defendant Dvorak, entered in an amended judgment on September 23, 2024. App. 58-72, Addendum 1-15, R. Docs. 311, 312.

## SUMMARY OF THE ARGUMENT

The Court should reject the majority of the costs sought by the defendants in this case, because they are not specifically allowed under 28 U.S.C. § 1920, as discussed in detail herein. This is especially true of the more than $15,000 the court awarded for computer "forensics."

The lower court should in fact have exercised its discretion to deny *all* costs to defendants, due to the chilling effect such a judgment might have on the filing of similar civil rights cases in the future, and/or the undue financial hardship a cost

judgment would impose on plaintiff.

This Court should reverse the district court's cost bill order and judgment.

## ARGUMENT

## I.  LEGAL STANDARD

"Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts." *Taniguchi v. Kan Pac. Saipan, Ltd*., 132 S. Ct. 1997, 2006 (2012). *See also 168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 957 (8th Cir. 2007) (citations omitted) ("Federal courts are bound by the limitations set out in section 1920.").

Therefore, while the Court has discretion in determining the *amount* of costs, only the *categories* of costs set forth in § 1920 may be taxed, and an award beyond that limitation is improper as a matter of law. *See Crawford Fitting Co. v. J. T. Gibbons, Inc*., 482 US. 437, 445 (1987). "The bill of costs proposed by a winning party should always be given careful scrutiny." *Koppinger v. Cullen-Schiltz & Assocs*., 513 F.2d 901, 911 (8th Cir. 1975).

## II.  THE VAST MAJORITY OF THE COSTS SOUGHT BY DEFENDANTS ARE IMPROPER

### A.  Legal Standard

In the absence of a fee-shifting statute, the federal courts may award the prevailing party only those costs enumerated by 28 U.S.C. § 1920. *Crawford*, 487

U.S. at 444-45, 107 S. Ct. at 2499. "Congress meant to impose rigid controls on cost-shifting in federal courts. Thus, a prevailing party's costs are limited to those allowable under 28 U.S.C. § 1920." *Id.*, 487 U.S. at 444, 107 S. Ct. at 2499. Costs not expressly authorized by § 1920 are presumptively precluded. *Id.*, 487 U.S. at 442, 107 S. Ct. at 2497-98. *See also Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (same).

Therefore, "[i]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S. Ct. 411, 416 (1964). *See also Koppinger*, 513 F.2d at 911 (same).

The Supreme Court construes "costs" under § 1920 narrowly, and has cautioned against expanding the definition. "Taxable costs are limited to relatively minor, incidental expenses." *Taniguchi*, 132 S. Ct. at 2006. *See id.* at 2000-07 (holding "compensation of interpreters" under the statute includes payment for oral translation but excludes payment for document translation).

Thus, while the Court has discretion in determining and awarding costs, its discretion cannot be used to compensate for costs not included in the statute. *Brisco-Wade*, 297 F.3d at 782-83; *Pershern v. Fiatallis N. Am., Inc*., 834 F.2d 136, 140 (8th Cir. 1987).

"The party seeking costs bears the burden of persuading the Court that the costs sought are, in fact, compensable under 28 U.S.C. § 1920 or another statute." *AmTrust Int'l Underwriters Ltd. v. Enslein as Tr. for Xurex, Inc.*, No. 18-09019-CV-

6

W-ODS, 2019 WL 7593365, at *1 (W.D. Mo. Nov. 20, 2019). *See also Trading Techs. Int'l, Inc. v. eSpeed, Inc*., 750 F. Supp. 2d 962, 969 (N.D. Ill. 2010) (same). In *Wing Enterprises, Inc. v. Tricam Indus., Inc.,* No. 17-CV-1769 (ECT/ECW), 2019 WL 5783485, at *3 (D. Minn. Nov. 6, 2019), the District of Minnesota cited *Trading Techs* for this proposition, as well as *Pehr v. Rubbermaid, Inc*., 196 F.R.D. 404, 408 (D. Kan. 2000), and *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991) ("While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation."). The *Wing Enterprises* court underscored this quote from *Trading Techs*., 750 F. Supp. at 969:

> [T]he burden of proof is not a mere formality. Rather, the burden of proof gives teeth to the requirement that before a prevailing party may require its adversary to pay costs, the prevailing party must prove with evidence and not merely with *ipse dixit* statements -- that the costs were actually incurred, were reasonable in amount, and were necessary. Where there is a failure of proof, the party who has failed to carry its burden bears the consequences.

### B. The Majority of Deposition Expenses Sought Are Non-Taxable

### 1. None of the defendants should be allowed the costs of depositions that were not necessary to their case

The court awarded deposition costs of $18,185.35 to Morton County and $3474.65 to Dvorak – nearly the entire amount sought by Morton County, and the entire amount sought by Dvorak. App. 62-66, 70-71; Add. 5-9, 13-14; R. Doc. 311, at 5-9, 13-14.

28 U.S.C. § 1920 permits recovery for the costs of taking, transcribing, and copying *only* those depositions "necessarily obtained for use in the case." 28 U.S.C. 1920(2), (4). Therefore, the court cannot tax costs of depositions that were not actually used. In *McDowell v. Safeway Stores, Inc.*, this Court noted:

> The cost of trial transcripts may be awarded to a prevailing party if the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920 (1982). Before awarding such costs, the court should determine that transcripts were not obtained primarily for the convenience of parties but were necessary for use in the case. *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983). Safeway argues that transcripts were necessary to prepare proposed findings of fact and conclusions of law, which were requested by the trial judge. Our review discloses that these findings and conclusions were largely based on trial exhibits. Therefore we conclude that transcripts were not necessary and decline to award these costs.

758 F.2d 1293, 1294 (8th Cir. 1985) (*per curiam*). *See also Crues v. KFC Corp.*, 768 F.2d 230 (8th Cir. 1985) (remanding because district court had not required the prevailing party to demonstrate that transcripts and exhibits were "necessarily obtained for use in the case").

 "The expense of depositions not used at the trial [can] be taxed provided they were reasonably necessary to the case and were not purely investigative in nature." *Koppinger*, 513 F.2d at 911. "[A] prevailing party must show that the deposition was introduced into evidence, relied upon for cross-examination or impeachment purposes, or otherwise useful in assisting a resolution of contested issues." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762-63 (8th Cir. 2006). *See also id.* at 763 (court may award witness fees only if it determines that the witness's testimony "was

crucial to the issues decided and the expenditures were necessary to the litigation")
(citing *Neb. Pub. Power Dist. v. Austin Power, Inc.*, 773 F.2d 960, 975 (8th Cir.
1985)).

It appears that defendants sought the entire cost of ordering transcripts of all
depositions in the case, as well as all court reporter costs for the depositions noticed
by defendants – with Morton County, Kirchmeier, and Moll ("Morton County")
seeking $19,720.35 and Dvorak seeking $3,474.65. The court awarded nearly all the
amount sought by Morton County, and the entire amount sought by Dvorak. App. 71,
Add. 14, R. Doc. 311 at 14.

But, as discussed herein, none of those depositions (with the arguable
exception of a portion of the deposition of plaintiff, as discussed *infra*) played any
part in the judgment defendants obtained in this case. The situation is similar to that
in *Davis v. Lancaster*, where the court noted: "After a review of the record, it is
apparent that Shaver's testimony was unrelated to the judgment against Defendant
Steele. Defendant Steele's objection to the $69.00 witness fees is sustained." No.
4:13CV1638 HEA, 2019 WL 265098, at *5 (E.D. Mo. Jan. 18, 2019).

Here, defendants have not demonstrated that they were preparing for trial, or
for any other reason required depositions before moving to dismiss the case *on the
pleadings*. Because defendants obtained judgment on motions to dismiss (App. 1-16,
R. Docs. 271 and 284; R. Doc. 295), they did not cite – and could not have cited,
under Fed. R. Civ. Proc. 12 -- any depositions in their motions, other than plaintiff's

own deposition; no other transcripts were submitted into evidence. Therefore – other than the Wilansky transcript – none of the deposition costs are properly taxable under 28 U.S.C. 1920.

As for the Wilansky transcript, it was not appropriate to cite any testimony outside of the pleadings in a motion to dismiss. *See Gorog v. Best Buy Co., Inc*., 760 F.3d 787, 791 (8th Cir. 2010); *Boling v. Harcros Chemicals, Inc*., No. 2:19-CV-00157-BSM, 2021 WL 3073837, at *1 (E.D. Ark. July 19, 2021). Defendants Morton County *et al*. did argue (at page 6 of their brief, App. 2, R. Doc. 271) that it was appropriate for the Court to look beyond the pleadings. But the Court never ruled on that request. If it had decided to consider the Wilansky deposition, it would have been required to treat the motion as one for summary judgment. Fed. R. Civ. Proc. 12(d).

Even if the Court does choose to uphold the award of costs for the Wilansky deposition, defendants cited only about 100 pages of her 258-page deposition. *See* App. 2-7, 10, 13, R. Doc. 271 at 6-11, 21, 29; App. 15, 16, R. Doc. 284 at 2 n.2 and 6 n.6; App. 21, R. Doc. 297-1 at 6. Thus, only a portion of that deposition cost was "necessarily obtained for use in the case." 28 U.S.C. 1920(2), (4).

In addition, as discussed *infra*, the invoices for the depositions reveal a large amount of non-taxable expenses.

## 2.      The court may tax either transcripts or video, not both

Defendant Morton County's bill of costs sought recovery of both transcripts

and video/"virtual" expenses of deposition, and the court awarded those costs. App.

62-63, Add. at 5-6, R. Doc. 311 at 5-6. Those transcript expenses sought and

awarded totaled $8,714.80 (including $175 for "condensed" transcripts – a separate

issue discussed *infra* at 12). Add. 75, 78-82, 85-86, 88, 91, App. 18, 21-25, 28-29,

31, 34; R. Doc. 297-1 at 3, 6-10, 13-14, 16, 19; App. 63, Add. at 6, R. Doc. 311 at 6.

Of that, the video/"virtual" expenses total $5,845 (including $290 for synchronizing

video, which the court did reject). Add. 77, 83, 86, 87, 89, 91; App. 20, 26, 29, 30,

32, 34; R. Doc. 297-1 at 5, 11, 14, 15, 17, 19; App. 63, 65; Add. at 6, 8, R. Doc. 311

at 6, 8.

The case law makes clear that defendant is entitled to only *one* or the *other,*

not both. In *Ventura v. Kyle,* the Minnesota District Court noted:

> § 1920(2) provides that the prevailing party may recover "[f]ees for printed *or*
> electronically recorded transcripts necessarily obtained for use in the case."
> (emphasis added). As the undersigned has previously noted, "[o]n its face, the
> use of the disjunctive 'or' in § 1920(2) makes it clear that the prevailing party
> has to make a choice between recovering the costs of the printed transcript of a
> deposition or the cost of video-recording it." *Hibbing Taconite*, 2010 WL
> 4237318, at *2 (quoting *Chism v. New Holland N. Am., Inc.*, No.
> 2:07CV00150, 2010 WL 1961179, at *4 (E.D. Ark. May 13, 2010)); *accord,
> e.g., Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1090-91 (E.D. Mo.
> 2014). Because Plaintiff already has included stenographic transcript costs in
> his Bill of Costs, videotape costs – including for "video tape stock" – are not
> taxable.

No. 12-472 (RHK/JJK), 2015 WL 12826467 at *2-3 (D. Minn. Jan. 13, 2015). *See*

*also Clark v. Baka*, No. 4:07-CV-477-DPM, 2011 WL 2881710, at *3 (E.D. Ark.

July 19, 2011) ("Helpful the videos no doubt were, but helpfulness does not establish necessity. *CRST Van Expedited*, 2010 WL 520564, at *6. The Court is not persuaded that these copies were 'necessarily obtained for use in the case.'").

### 3.      Fees for multiple transcript formats are not taxable

The court reporter fee invoices attached to the Morton County bill of costs include $175 for "condensed transcripts," which the court awarded. App. 18, 21, 22-24; R. Doc. 297-1 at 3, 6, 7-9; App. 63-64, Add. at 6-7, R. Doc. 311 at 6-7. Fees for multiple transcript formats are not taxable. As the court explained in *Chism v. New Holland N. Am., Inc.*:

> [C]ourts have rejected awarding the expense of obtaining depositions in multiple electronic formats, absent a showing of some necessity. *See Asphalt Supply & Serv., Inc. v. United States*, 75 Fed. Cl. 598 (Fed. Claims Ct. 2007) ("the cost of additional copies on computer diskette or in condensed format must be reviewed for necessity, as opposed to convenience"); *Cook v. United States*, 2005 WL 6142352 (Fed. Cl. 2005) (unpublished decision) (declining to tax "additional copies" of deposition transcripts on computer diskette or condensed format); *O'Neal v. Altheimer & Gray*, 2002 WL 31109393 (N.D. Ill. 2002) (unpublished decision) (prevailing party not entitled to cost of deposition transcripts in diskette or "e-transcript" formats).

No. 2:07CV00150 JTR, 2010 WL 1961179, at *4 (E.D. Ark. May 13, 2010). *See also Clark*, 2011 WL 2881710, at *3 (rejecting taxation of costs for condensed version of transcripts).

### 4.      After-hours overtime for court reporter is not taxable

One court reporter invoice includes $240 for after-hours overtime, which the court awarded. App. 21, R. Doc. 297-1 at 6; App. 64, Add. at 7, R. Doc. 311 at 7. Such costs are not taxable. *See Clark*, 2011 WL 2881710, at *3 (rejecting such

costs).

### 5. Extra copy of transcript is not taxable

One court reporter invoice attached to the Morton County bill of costs is for $1498.85 for "Deposition – Original & 1 Copy," which the court awarded. App. 25, R. Doc. 297-1 at 10; App. 64-65, Add. at 7-8, R. Doc. 311 at 7-8. No explanation is provided for why both an original and a copy would be ordered, and why the copy would be "necessarily obtained for use in the case." And because defendants did not provide a breakdown between the original and the copy, the entire invoice should be rejected. *See, e.g., Emmeneger v. Bull Moose Tube Co*., 33 F. Supp. 2d 1127, 1134 (E.D. Mo. 1998) ("Because plaintiffs have failed to segregate their properly taxable photocopying costs, none of the photocopying charges that they claim will be taxed as costs.").

### C. Defendant Morton County Did Not Demonstrate That the Transcript of a Motion Hearing in Another Case Was Necessarily Obtained for Use in the Case

Defendant Morton County sought, and the court awarded, $77.40 for the transcript of a May 29, 2018, motion hearing in *Wilansky v. USA*, D. Minn. No. 18-CV-316. App. 17, R. Doc. 297-1 at 2; App. 66, Add. at 9, R. Doc. 311 at 9. Reviewing the docket in that case, that appears to have been a motion for return of seized property. Defendants have not demonstrated that this expense was for transcripts "necessarily obtained for use in the case." 28 U.S.C. 1920(2), (4). Especially given that this case was resolved on a motion to dismiss, there is no

apparent connection between such a document and the judgment that was obtained.

### D. Defendant Morton County Did Not Demonstrate That the Attorney General Records and Plaintiff's Medical Records Were Necessarily Obtained for Use in the Case

Defendant Morton County sought $112.50 for a records request to the North Dakota Attorney General, which the court awarded. App. 35, R. Doc. 297-2 at 2; App. 66, Add. at 9, R. Doc. 311 at 9. There is no indication of what these records are, much less why defendants have borne their burden of demonstrating that they were "necessarily obtained for use in the case." 28 U.S.C. 1920(2), (4).

Similarly, the request for $694.67 for plaintiff's medical records, which the court awarded, has no supporting explanation. App. 53-56, R. Doc. 297-3 at 18-21; App. 66, Add. at 9, R. Doc. 311 at 9. Given that this case was resolved on a motion to dismiss, there is no apparent connection between such documents and the judgment that was obtained.

In *Kirk v. Schaeffler Grp. USA, Inc.,* the court noted:

> Costs associated with obtaining various records from various non-parties, such as records from the State of Missouri or unidentified medical documents, are non-recoverable. These costs relate to the receipt of documents from third parties; they are not costs of copying or exemplification under § 1920.

No. 3:13-CV-5032-DGK, 2016 WL 6023696, at *6 (W.D. Mo. July 26, 2016) (citing *Taniguchi*, 566 U.S. at 573,132 S. Ct. at 2006). "[N]umerous district courts within the Eighth Circuit have refused to tax discovery-related copying costs" and have stated that copies of papers "'necessarily obtained for use in the case' covers only the 'cost of actually trying a case in the courtroom.'" *Little Rock Cardiology Clinic PA v.*

14

*Baptist Health*, 591 F.3d 591, 602 (8th Cir. 2009) (no abuse of discretion for refusal to tax discovery-related copying costs).

### E. Defendant Morton County Did Not Demonstrate That the "Forensic" Expenses Were Necessarily Obtained for Use in the Case

Defendant Morton County sought an extraordinary $25,881.22 for payments to two cyber/computer "forensics" companies. App. 37-52, R. Doc. 297-3 at 2-17. They claimed these as "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," a category taxable under 28 U.S.C. 1920(4). But they provided no explanation of why these would fall into that category.

Although the trial court rejected a few smaller items, it awarded more than half the amount sought. The charges the trial court awarded total $15,258.50, as follows:

- Stillman Cyber Forensics -- Time spent to "process SRO phones" – 7 hours at $150, total $1050. App. 37, R. Doc. 297-3 at 2; App. 68, Add. at 11, R. Doc. 311 at 11.

- Computer Forensics Resources 12/30/22 invoice – charge for "Review and detail content of data stored on . . . Hard Drive" -- $390. App. 38, R. Doc. 297-3 at 3; App. 68, Add. at 11, R. Doc. 311 at 11.

- Computer Forensics Resources 4/28/23 invoice – 1) $2100 in charges for emails and other communications inappropriately labeled as "analysis" (3/13 and 3/27); 2) $2250 in other work labeled as "analysis"; 3) $50 for work labeled as "forensic processing"; 4) $2760 for work labeled as "discovery service work"; 5) $60 for a flash drive; 6) $1648.50 for "One time fee for data upload" – 47.10 unknown units at $35; and 7) $350 for monthly hosting fee – For a total of $9218.50 awarded by the court. App. 39-41, R. Doc. 297-3 at 4-6; App. 69, Add. at 12, R. Doc. 311 at 12.

- Computer Forensics Resources 5/31/23 invoice – 1) Monthly hosting fee of $350; 2) $120 for "eDiscovery Review" – For a total of $470 awarded by the

court. App. 42, R. Doc. 297-3 at 7; App. 69, Add. at 12, R. Doc. 311 at 12.

- Computer Forensics Resources 11/30/23 invoice – 1) Monthly hosting fee of $350; 2) $630 for "Discovery Service Work" – For a total of $980 awarded by the court. App. 48, R. Doc. 297-3 at 13; App. 70, Add. at 13, R. Doc. 311 at 13.

- 9 additional months of "Monthly Hosting Fee" at $350 each – total $3150. App. 43-47, R. Doc. 297-3 at 8-12 and 14-17; App. 69, Add. at 12, R. Doc. 311 at 12.

In general, the cost of simply *gathering* documents is not taxable. *See Allen v. U.S. Steel*, 665 F.2d 689 (5th Cir. 1982). More specifically:

> Neither the language of § 1920(4) nor its history, suggests that Congress intended to shift all the expenses of a particular form of discovery – production of ESI – to the losing party. Nor can such a result find support in Supreme Court precedent, which has accorded a narrow reading of the cost statute in other contexts. Although there may be strong policy reasons in general, or compelling equitable circumstances in a particular case, to award the full costs of electronic discovery to the prevailing party, the federal courts lack the authority to do so, either generally or in particular cases, under the cost statute.

*Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3rd Cir. 2012) (cited by *Associated Elec. & Gas Ins. Servs. v. BendTec, Inc.*, No. CV 14-1602 (MJD/LIB), 2016 WL 740409, at *2-3 (D. Minn. Feb. 24, 2016)). "[T]here is a 'presumption . . . that the responding party must bear the expense of complying with discovery requests.'" *Id*. at 170-71 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978)). In the context of electronic discovery, "gathering, preserving, processing, searching, culling and extracting ESI simply do not amount to 'making copies.'" *Race Tires*, 674 F.3d at 169-70.

In the brave new world of e-discovery, many district courts within this Court

have addressed the issue of taxability of such costs, relying heavily on *Race Tires*. In

*Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, the District of Minnesota

denied the types of charges being sought here:

> Integreon's charges related to the "forensic collection" process were incurred to collect native files from 80 sources and copy them into a single unreadable file. Graphic argues the forensic collection costs are recoverable because the process of copying the individual files into the E01 file was necessary to preserve metadata, which was required by the ESI Protocol. However, gathering, preserving, and extracting ESI is not "making copies." *Race Tires*, 674 F.3d at 170.
>
> * * *
>
> . . . Additionally, Integreon's fees for technical time to setup the conversion are denied because "fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Race Tires*, 674 F.3d at 169.

No. CV 15-3183 ADM/LIB, 2019 WL 3387777, at *5 (D. Minn. July 26, 2019).

In *Associated Elec. & Gas*, the District of Minnesota explained:

> The Eighth Circuit has not yet addressed this issue, but a number of courts that have addressed whether costs associated with e-discovery are recoverable under § 1092 have found that such costs are recoverable only to the extent they qualify as exemplification fees or the costs of making copies.
>
> In *Race Tires* . . . , the Third Circuit held that where e-discovery did not produce illustrative evidence or the authentication of public records, the costs for such discovery did not qualify as exemplification fees under § 1920(4) and is not recoverable. . . . **As to costs associated with the collection and preservation of electronically stored information ("ESI"), processing and indexing ESI, and keyword searching of ESI for responsive and privileged documents, the court held that such costs are not recoverable under § 1920(4).**
>
> * * *
>
> Courts within the Eighth Circuit have found the reasoning in *Race Tires* persuasive, and have thus held that "scanning documents and converting

computer data into readable format constitute copying within the meaning of section 1920(4)," but that **"costs associated with storing ESI are not recoverable."** *Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*, 08-0840-CV-W-ODS, 2013 WL 1155245 at *1 (W.D. Mo. Mar. 20, 2013) . . . .

This Court also finds the *Race Tire* decision persuasive and holds that **the costs of creating and maintaining an electronic platform for e-discovery are not recoverable under § 1920(4)**. Accordingly, BendTec's motion for the recovery of costs for the creation and management of an e-discovery platform must be denied.

2016 WL 740409, at *2-3 (emph. added).

"Just as the preparatory measures taken in pre-digital discovery to locate, collect, and review documents before producing copies were not taxable, so too the preliminary steps required to meet electronic discovery obligations are not recoverable under § 1920(4)." *In re Wholesale Grocery Prod. Antitrust Litig.*, No. 09-MD-2090 ADM/TNL, 2019 WL 413554, at *6 (D. Minn. Feb. 1, 2019) (citing *Race Tires*).

In *DVD-Rental Antitrust Litig.,* the Ninth Circuit held that "[t]he proper application of a narrowly construed § 1920(4) requires that the tasks and services for which an award of [ESI] costs is being considered must be described and established with sufficient specificity, particularity, and clarity as to permit a determination that costs are awarded for making copies." 779 F.3d 914, 928 (9th Cir. 2015) (quoted in *In re Wholesale* at *6). *See also Enslein v. Di Mase*, No. 16-09020-CV-W-ODS, 2020 WL 13517571, at *3 (W.D. Mo. July 31, 2020) ("[O]ther than the date, vendor, and cost incurred, the Court has been provided no information about the requested costs. Without additional information, the Court cannot determine if these costs were

necessary. Accordingly, the Court denies Plaintiff's request for costs associated with scanning, converting data into a readable format and coding.").

To the extent they contain detail about what the charges were for, the forensic invoices submitted by defendant Morton County do not demonstrate that these charges are taxable under 28 U.S.C. 1920, and they should have been rejected.

## III. THE COURT SHOULD HAVE APPLIED ITS DISCRETION TO DENY ALL COSTS TO DEFENDANTS

As the Supreme Court noted in *Crawford Fitting Co. v. J. T. Gibbons, Inc.*:

> Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to **refuse** to tax costs in favor of the prevailing party.

482 U.S. 437, 441-42, 107 S. Ct. 2494, 2497 (1987) (emph. added). *See also Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000) (same; citing *Crawford*).

Precedent in the majority of federal jurisdictions favors denying costs to defendants in civil rights cases where one or more of the following factors are present: 1) the plaintiff brought the case in good faith; 2) the issues litigated are of public importance; 3) the issues are complex; 4) the defendant engaged in misconduct, or otherwise thwarted the progress of the litigation; 5) taxing the costs to the plaintiff will cause her/him undue financial hardship; 6) the defendant has substantial financial resources such that denying costs would cause it no financial hardship; 7) imposing costs on the plaintiff would have a "chilling effect" on the

filing of similar civil rights cases. *See Knology v. Insight Communications Co.*, LP, 460 F.3d 722 (6th Cir. 2006) (anti-trust case; listing factors). *See also Lee v. Metropolitan Government of Nashville*, 2009 WL 2462209 at * 14-16 (M.D. Tenn. 2009) (42 U.S.C. 1983 wrongful death case, applying *Knology* and stressing the "chilling effect" of taxing costs against plaintiffs in close cases raising importance legal issues); *Ass'n of Mexican-American Educators v. Cal*., 231 F.3d 572, 593 (9th Cir. 2000) (district court did not abuse discretion in denying costs to prevailing defendants where nonprofits with limited resources brought claims presenting "close and complex" issues affecting "tens of thousands of Californians and the state's public school system as a whole"); *Stanley v. University of Southern California*, 178 F.3d 1069, 1079-80 (9th Cir.), *cert. denied*, 528 U.S. 1022, 120 S. Ct. 533 (1999); *Teague v. Bakker*, 35 F.3d 978, 997 (4th Cir. 1994); *Moore v. County of Delaware*, 586 F.3d 219, 221-22 (2d Cir. 2009).

Plaintiff need not demonstrate that all the factors weigh against imposing costs. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

As discussed herein, all of these factors, other than number 4, support denying costs in this case.

## A.    Costs Should Be Denied, to Avoid Chilling Valid Civil Rights Claims

Courts have given special consideration to civil rights litigants, recognizing the concern that the imposition of significant costs will unnecessarily chill civil rights litigation. "Without civil rights litigants who are willing to test the boundaries of our

laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Education*." *Stanley*, 178 F.3d at 1079.

Thus, in *Barber v. Overton*, the Western District of Michigan denied costs after dismissing a section 1983 claim on qualified immunity grounds:

> Although the Court found that Defendants were entitled to qualified immunity on Plaintiffs' constitutional claims, Plaintiffs' have suffered a significant degree of harm from the release of their private personal information to the prisoner population of the Ionia Maximum Security Correctional Facility. Due to the significance of the interests at stake, an award of costs may have a chilling effect on civil rights litigants seeking to vindicate their privacy interests. Based upon Plaintiffs' good faith in bringing and prosecuting the suit, their reasonable conduct throughout the proceeding, and the likelihood of a chilling effect upon civil rights litigants, the Court denies Defendants' motion to tax costs.

2005 WL 2018134, *1 (W.D. Mich. Aug. 20, 2005).

The same factors are present in the instant case. Sophia Wilansky brought this case in good faith and acted reasonably throughout this lengthy suit. She suffered a significant degree of harm; and the issues raised in this case are substantial and important. The Fourth Amendment, the sanctity of people's bodies, and the issue of police officers using force that gravely harms a human being are all substantial and important issues.

It is clear the Plaintiff's case was justified and had merit on the underlying issue of excessive force. The trial court initially denied the defendants' motion to dismiss. The court later dismissed, citing to intervening Supreme Court authority that post-dated the original ruling. Further, the Court dismissed not for lack of merit, but rather, on qualified immunity grounds. R. Doc. 290. The fact that the trial court

ultimately found that new case law provided the officers with the shield of qualified immunity does not undermine the relevant factors, just as it did not in *Barber*.

As one federal court noted: "The Court finds that the alleged use of excessive force by law enforcement is an issue of substantial public importance, consistent with the findings in *Draper, Washburn*, *and Lopez*." *Hermosillo v. County of San Bernardino*, 2017 WL 5479646, *2 (C.D. Cal. 2017) (rejecting defendants' application for costs). *See also Draper*, 836 F.3d at 1088 (the rights and safety of prisoners is of "substantial public importance," thus the award of costs against the losing plaintiff was an abuse of discretion); *Washburn v. Fagan*, 2008 WL 361048, *2 (N.D. Cal. 2008) (the action "raised important issues regarding how the San Francisco Police Department dealt with, and supervised, excessive force incidents"); *Lopez v. Nguyen*, 2017 WL 512773, *2 (N.D. Cal. 2017) ("Mr. Lopez's 42 U.S.C. §1983 claim of use of excessive force by a law enforcement officer in the context of his arrest is an issue of substantial public importance."); *Ceballos v. Garcetti*, 361 F.3d 1168, 1174 (9th Cir. 2004) (falsification of information in a search warrant affidavit is inherently a matter of public concern), *rev'd on other grounds by Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Moujaes v. San Francisco City and County*, 2017 WL 1540732, *2 (N.D. Cal. 2017) (finding denial of costs to prevailing defendant officers was proper where "case raised important issues of public concern regarding police conduct in routine traffic stops involving persons of color which culminate in the use of force and injury.").

Like those cases, this case is about civil rights issues which form the heart of the United States Constitution, and is thus one of substantial public importance, justifying the denial of costs.

**B.      Plaintiff Is Indigent and the Court Should Therefore Waive All Costs**

In traveling to Standing Rock, plaintiff devoted herself to full-time advocacy regarding an issue of public importance. As documented in plaintiff's declaration, App. 57, R. Doc. 304, although she earned $16,000 in 2023, she was then laid off and relied upon unemployment compensation. At this time plaintiff has no permanent work and less than $1000 in savings at this time, relying on odd jobs. Imposing any costs upon her would be a substantial burden.

"The Court may consider a losing litigant's inability to pay in exercising informed discretion about costs. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983)." *Clark v. Baka*, No. 4:07-CV-477-DPM, 2011 WL 2881710, at *4 (E.D. Ark. July 19, 2011). In *Stanley*, the court held that in deciding whether to award costs, a district court must "consider the financial resources of the plaintiff" and the chilling effect of imposing "high costs on losing civil rights plaintiffs of modest means," and abuses its discretion if it does not do so. 178 F.3d at 1079-80. As plaintiff lacks the means to pay costs, it is appropriate and in the interests of justice for the Court to waive costs in this case. *See also Chapman v. A1 Transport*, 180 F.3d 1244, 1253 (11th Cir. 1999) ("The district court does have the authority to consider the financial resources of a non-prevailing party as a factor in the amount of

costs to award"); *Congregation of the Passion v. Touche Ross*, 854 F.2d 219, 222 (7th Cir. 1988) (losing plaintiff's limited resources considered); *Moore v. County of Delaware*, 586 F.3d 219, 221-22 (2d Cir. 2009) ("[D]enial of costs may be appropriate where a losing party can demonstrate misconduct by a prevailing party, the public importance of the case, the difficulty of the issues presented, or its own limited financial resources . . . . Moore's meager financial resources and his good faith prosecution of claims alleging government misconduct by appellants . . . counsel in favor of requiring appellants to bear their own costs."); *Ellis v. Grant Thornton, LLP*, 2010 WL 1379795 (S.D. W. Va. March 31, 2010) (awarding $68,983.70 in requested costs would work a substantial hardship on a losing party who had a $52,630 yearly salary at the time of trial and had since retired -- "Given that the amount of costs was more than his yearly salary before retirement, it is clear that having to pay costs in this amount would work a substantial hardship").

## CONCLUSION

For the foregoing reasons, the amended judgment awarding costs should be reversed.

Dated: January 21, 2025.

<div style="margin-left:2em">

Respectfully submitted,

_____/s/ Marianne Dugan_____

Marianne Dugan, Oregon State Bar # 932563
Civil Liberties Defense Center
1711 Willamette St. Ste 301 # 359
Eugene, OR 97401
(541) 687-9180
Mdugan@cldc.org

</div>

## CERTIFICATE OF COMPLIANCE

I hereby certify that the text of the Appellant's Brief as defined by Federal Rule of Appellate Procedure 27(d)(2) contains 6256 words of proportionally-spaced text as determined by the automated word count of Microsoft Word and has been prepared in 14-point Times New Roman font. I also certify that, pursuant to Circuit Rule 28A(h), a version of the brief and addendum in non-scanned PDF format have been filed electronically. I further certify that the brief and addendum have been scanned for viruses and are virus free.

_____/s/ Marianne Dugan_____
Marianne Dugan

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Appellant's Brief and the addendum were filed electronically with the Court using the CM/ECF system, which action will cause automatic electronic notification of the filing from the Court to be served upon all parties who have registered for electronic service with this Court's efiling portal on this 21st day of January, 2025.

_____/s/ Marianne Dugan_____
Marianne Dugan