No. 24-3132
United States Court of Appeals for the Eighth Circuit

SOPHIA WILANSKY,
*Plaintiff/Appellant*,

vs.

MORTON COUNTY, NORTH DAKOTA, *et al.*,
*Defendants/Appellees*.

On Appeal from the U.S. District Court for the District of North Dakota,
No. 1:18-cv-236,
Honorable Daniel M. Traynor, U.S. District Judge

**REPLY BRIEF OF APPELLANT SOPHIA WILANSKY**

Marianne Dugan, Oregon State Bar # 932563
Civil Liberties Defense Center
1711 Willamette St. Ste 301 # 359
Eugene, OR 97401
(541) 687-9180
Mdugan@cldc.org

Filed March 202

# TABLE OF CONTENTS

TABLE OF AUTHORITIES    2

I.    The Record Does Not Demonstrate that the District Court Reviewed the Relevant Factors Regarding the Request to Waive Costs    3

II.    Regarding the Forensics Charges, Although This Circuit Has Not Yet Conclusively Addressed the Issue, Compelling Caselaw from the Third Circuit Should be Adopted    4

III.    The Extensive and Expensive Depositions Were Not Necessarily Obtained for the Case, Given that Defendants Successfully Pursued a Motion to Dismiss on the Pleadings    5

IV.    Morton County Has Not Borne Its Burden of Demonstrating that Both Video and Transcript Were "Necessarily" Obtained    6

V.    Morton County Has Not Borne Its Burden of Demonstrating that the Multiple Transcript Formats Were Necessary    6

VI.    Morton County Has Not Borne Its Burden of Demonstrating that Overtime Payment to a Court Reporter Was Necessary    6

VII.    Morton County Has Not Borne Its Burden of Demonstrating that an Extra Copy of a Transcript Was Necessary    7

VIII.    Morton County Did Not Demonstrate That the Transcript of a Motion Hearing in Another Case Was Necessarily Obtained for Use in the Case    7

IX.    Morton County Did Not Demonstrate That the Attorney General Records and Plaintiff's Medical Records Were Necessarily Obtained for Use in the Case    8

CONCLUSION    8

CERTIFICATE OF COMPLIANCE    9

CERTIFICATE OF SERVICE    9

# TABLE OF AUTHORITIES

Associated Elec. & Gas Ins. Servs. v. BendTec, Inc., No. CV 14-1602 (MJD/LIB), 2016 WL 740409 (D. Minn. Feb. 24, 2016)    4

Blanchard v. Bergeron, 489 U.S. 87, 109 S. Ct. 939 (1989)    3

Evans v. Jeff D., 475 U.S. 717 (1986)    3

Gonzalez v. Shahin, 77 F.4th 1183 (8th Cir. 2023)    6

In re Wholesale Grocery Prod. Antitrust Litig., No. 09-MD-2090 ADM/TNL, 2019 WL 413554 (D. Minn. Feb. 1, 2019)    4

Inline Packaging, LLC v. Graphic Packaging Int'l, LLC, No. CV 15-3183 ADM/LIB, 2019 WL 3387777 (D. Minn. July 26, 2019)    4

Race Tires America, Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158 (3rd Cir. 2012)    4

## ARGUMENT

**I.    The Record Does Not Demonstrate that the District Court Reviewed the Relevant Factors Regarding the Request to Waive Costs**

Plaintiff is not arguing that costs should always be waived against civil rights plaintiffs or against indigent parties. As explained in detail in the opening brief, the relevant factors for waiving costs strongly apply here. It does not appear that the district court explicitly addressed those factors, and plaintiff therefore requests that this Court do so.

Further, the fact that plaintiff was, thankfully, able to obtain *pro bono* counsel is not relevant to whether plaintiff is able to pay costs, nor to the issue of whether an award of five-figure costs would exercise a chilling effect on future civil rights plaintiffs. In an analogous situation, the Supreme Court has repeatedly held that the fact that a civil rights or other public interest plaintiff was represented *pro bono* has no bearing on whether a market-rate attorney fee award to plaintiff's counsel is appropriate. *See, e.g., Blanchard v. Bergeron*, 489 U.S. 87, 94, 109 S. Ct. 939, 945 (1989) ("[W]here there are lawyers or organizations that will take a plaintiff's case without compensation, that fact does not bar the award of a reasonable fee. All of this is consistent with and reflects our decisions in cases involving court-awarded attorney's fees"); *Evans v. Jeff D.*, 475 U.S. 717, 745 (1986) ("Congress provided fee awards to ensure that there would be lawyers available to plaintiffs who could not otherwise afford counsel, so that these plaintiffs could fulfill their role in the federal enforcement scheme as "private attorneys general," vindicating the public interest")

(Brennan, Marshall, and Blackmun, dissenting). Similarly, defendants' argument that "[h]ad Wilansky prevailed on her claims, she would have undoubtedly requested taxation of similar costs against Morton County Appellants" (Resp. Br. at 32) is an apples-and-oranges retort. As explained in detail in plaintiff/appellant's opening brief, district and appellate federal courts across the nation have addressed the special situation of the unsuccessful civil rights litigant (especially an impecunious one), which has nothing to do with the right to recover costs for a prevailing plaintiff.

## II. Regarding the Forensics Charges, Although this Circuit Has Not Yet Conclusively Addressed the Issue, Compelling Caselaw from the Third Circuit Should be Adopted

As explained in detail in the opening brief at 15-18, the Third Circuit analysis in *Race Tires America, Inc. v. Hoosier Racing Tire Corp*., 674 F.3d 158, 171 (3rd Cir. 2012), has been adopted in three different rulings by the district of Minnesota in this circuit. *Associated Elec. & Gas Ins. Servs. v. BendTec, Inc*., No. CV 14-1602 (MJD/LIB), 2016 WL 740409, at *2-3 (D. Minn. Feb. 24, 2016)); *Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, No. CV 15-3183 ADM/LIB, 2019 WL 3387777, at *5 (D. Minn. July 26, 2019); *In re Wholesale Grocery Prod. Antitrust Litig.*, No. 09-MD-2090 ADM/TNL, 2019 WL 413554, at *6 (D. Minn. Feb. 1, 2019). *Race Tires* and those Minnesota district cases make clear that forensic electronics costs "are recoverable only to the extent they qualify as exemplification fees or the costs of making copies." *Associated Elec.* at *2. Given that it is defendants' burden to demonstrate that their requested costs clearly fall within 28

U.S.C. 1920, an award of the roughly $15,000 in the "forensic" costs should be

denied.

### III. The Extensive and Expensive Depositions Were Not Necessarily Obtained for the Case, Given that Defendants Successfully Pursued a Motion to Dismiss on the Pleadings

Defendants/respondents made choices during this litigation, as litigants do.

One choice was to pursue a motion to dismiss. Defendants/respondents bear the

burden of demonstrating that the five figures they seek for deposition costs were

"necessarily" obtained for this case. The case law cited by plaintiff/appellant in the

opening brief makes clear that the expense of lengthy and expensive depositions

should not be treated as an expense that was "necessarily" obtained for a case where

defendants' counsel chose to never use those deposition transcripts and instead

pursue a motion to dismiss.

The case law cited by plaintiff/appellant primarily dealt with cases that went

all the way to trial, and yet even there the earlier-decided deposition strategy was not

compensable. Opening Br. at 7-10. To allow *more* leeway to parties to bill for

deposition costs after prevailing on a *motion to dismiss* on the pleadings would set a

dangerous precedent, encouraging and incentivizing scorched-earth early discovery

by well-heeled parties who never *necessarily* crack the spine on the transcripts before

moving to dismiss. One major purpose of a motion to dismiss is to end the case early,

before costs and fees escalate on each side. The Court should not reward

defendants/respondents' decision to run up exorbitant costs prior to filing their

motion to dismiss.

**IV.    Morton County Has Not Borne Its Burden of Demonstrating that Both Video and Transcript Were "Necessarily" Obtained**

Although this Circuit has apparently not addressed this issue, in her opening brief, plaintiff cited both the Minnesota and Arkansas District Courts for the proposition that this relatively new phenomenon does not warrant expanding the types of costs that are taxable. The Eighth Circuit case cited by defendants/respondents, *Gonzalez v. Shahin,* 77 F.4th 1183 (8th Cir. 2023), does not conclusively answer this question, because in that case this Court held that both were "necessarily obtained for use" in the case and were "not purely investigative." Defendants have not borne their burden of making that showing here, given that neither the video nor the transcripts were used *at all* to dispose of this case.

**V.    Morton County Has Not Borne Its Burden of Demonstrating that the Multiple Transcript Formats Were Necessary**

Although, again, this Court has not apparently addressed this issue, in her opening brief (at page 12), plaintiff cited the Eastern District of Arkansas for the proposition that multiple transcript formats are not taxable. In response, at page 23, defendants cite the Eastern District of Missouri. Defendants have not borne their burden of demonstrating that they *necessarily* required multiple formats for the transcripts they ordered.

**VI.    Morton County Has Not Borne Its Burden of Demonstrating that Overtime Payment to a Court Reporter Was Necessary**

On this point, in her opening brief (at 12-13) plaintiff/appellant cited the

Eastern District of Arkansas for the proposition that such charges do not fall within the scope of 28 U.S.C. 1920. In response, defendants/respondents cite cases from Missouri and Florida, none of them relevant to the actual issue – an overtime fee. Defendants/Respondents have not borne their burden of demonstrating that overtime payment to a court reporter was necessary.

**VII.  Morton County Has Not Borne Its Burden of Demonstrating that an Extra Copy of a Transcript Was Necessary**

On this point, plaintiff/appellant cited (at 13) case law from the Eastern District of Missouri for the proposition that extra copies are not taxable, and that defendants bear the burden of breaking out the costs of originals and copies. In response, defendants/respondents (at 24) cite Missouri and Florida cases, only the Florida one actually addressing this issue. Notwithstanding what those cases say, defendants have not borne their burden to demonstrate this cost falls within 28 U.S.C. 1920.

**VIII. Morton County Did Not Demonstrate That the Transcript of a Motion Hearing in Another Case Was Necessarily Obtained for Use in the Case**

Plaintiff/appellant addressed this issue at pages 13-14 of their opening brief, noting that defendants/respondents had not demonstrated that that cost falls within the narrow scope of 28 U.S.C. 1920. In response, defendants/respondents discuss the litigation in general, but do not explain how such a document bore any relevance to the procedural stance of the case, which was resolved on a motion to dismiss on the pleadings.

**IX.    Morton County Did Not Demonstrate That the Attorney General Records and Plaintiff's Medical Records Were Necessarily Obtained for Use in the Case**

Similarly, this issue (addressed at 14-15 of the opening brief) revolves around whether defendants/respondents have borne their burden to demonstrate that obtaining these records bore any relationship to the work necessary to litigate and resolve this case on a motion to dismiss.

## CONCLUSION

For the foregoing reasons, and the arguments set forth in the opening brief, the amended judgment awarding costs should be reversed.

Dated: March 27, 2025.

Respectfully submitted,
        /s/ Marianne Dugan
Marianne Dugan, Oregon State Bar # 932563
Civil Liberties Defense Center
1711 Willamette St. Ste 301 # 359
Eugene, OR 97401
(541) 687-9180
Mdugan@cldc.org

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the text of the Appellant's Reply Brief as defined by Federal Rule of Appellate Procedure 27(d)(2) contains 1361 words of proportionally-spaced text as determined by the automated word count of Microsoft Word and has been prepared in 14-point Times New Roman font. I also certify that, pursuant to Circuit Rule 28A(h), a version of the brief and addendum in non-scanned PDF format have been filed electronically. I further certify that the brief and addendum have been scanned for viruses and are virus free.

<div align="right">
/s/ Marianne Dugan
Marianne Dugan
</div>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Appellant's Brief and the addendum were filed electronically with the Court using the CM/ECF system, which action will cause automatic electronic notification of the filing from the Court to be served upon all parties who have registered for electronic service with this Court's efiling portal on this 27th day of March, 2025.

<div align="center" style="margin-left:auto;">

/s/ Marianne Dugan
Marianne Dugan
</div>